### JABEZ HAYWARD *vs.* JOHN HARTSHORN.

The notice to a defendant, who is absent from the state at the commencement of a
suit against him, contemplated by the 17th section of the statute of 9th Febrºua-
ry, 1791, is by serving him with "an attested copy of the writ," &c. as pointed
out in the 8th section of that statute ; and no notice short of that is sufficient.

THIS was a writ of error brought to reverse a judgment,
rendered by a justice of the peace, in this county, in favor
of the defendant against the plaintiff in error, under the fol-
lowing circumstances.   On the 17th December, 1822,
*Hartshorn* sued out a writ against *Hayward*, returnable be-
fore the justice on the 4th January, 1823, which was serv-
ed on the same day ; and the officer made his return, as fol-
lows :

" *Hillsborough, ss. December* 17, *A. D.* 1822.   I have at-
" tached one pair of bulls, the property of the within named
" *Hayward*, and have left a summons," &c. " at his last and
" usual place of abode in *Merrimack*," &c.

The judgment was rendered by the justice, on the 4th
January, 1823, upon default.

The error assigned was, " that at the time the original
" writ was sued out, he, the said *Hayward*, was out of the

Hayward
*vs.*
Hartshorn.

" state, and resident at *Charlestown*, in the commonwealth " of Massachusetts, and continued out of the state until after " the rendition of said judgment, and had no notice of said " suit."

In answer to this, *Hartshorn* alleged, that " the said *Hay-* " *ward* had notice of the said suit before the rendition of the " judgment aforesaid."

To this the plaintiff in error demurred, and the defendant in error joined in demurrer.

*Atherton*, for plaintiff in error.

*D. Steele, jr.* for defendant.

HARRIS, J. delivered the opinion of the court.

The decision of this case depends upon the construction of the statute of Febuary 9, 1791, (1 *N. H. Laws* 99) entitled " An act regulating process and trials in civil causes."

The 8th section of that statute enacts, that " in case the " defendant, at the time of the service of any writ, be not " an inhabitant, or resident in this state, and the writ be not " served on him in person, but the defendant's goods or es- " tate, within this state, are attached, then an attested copy " of the writ, and a particular description of the lands or " goods attached thereby shall be given to the defendant, " or left at his last and usual place of abode ; and the giving " or leaving such copy shall be certified by the officer, who " made the attachment, or by some officer proper to exe- " cute the same, in the state where the defendant lives, or " by some other person, and affidavit thereof made."

The 17th section of the same statute provides, " that " when a suit shall be brought against a person, who is not an " inhabitant or resident in this state, and no personal service " be made on the defendant, or when the person, against " whom any suit is brought, shall be absent from this state " at the time of commencing such suit, and shall not have " returned at the time appointed for trial, the justices of the " court, before whom such suit is, shall continue the action " to the next term, and if the defendant doth not appear at " the next term by himself or attorney, the court shall fur- " ther continue the action to the next term, unless the plain-

" tiff shall produce evidence sufficient to satisfy the court,
" that the defendant hath had notice of the suit or process a
" sufficient time before such term, to have appeared at said
" court."

There are some expressions in the section last mentioned, which appear more particularly applicable to actions commenced in the superior court of judicature, or the court of common pleas. Probably it may have been thought by some, that the provisions of the statute were confined to actions of that description, and did not extend to actions brought before justices of the peace. But we see no reason for such a distinction. The object of the legislature undoubtedly was to give the party sued an opportunity to be heard, before a judgment should be rendered against him. This justice requires in all cases. In this respect, there is no difference between small demands, of which justices of the peace have jurisdiction, and those of greater magnitude. The principle is the same, and the mischief to be prevented is the same, in both cases.

It is admitted, that at the time of commencing the original suit, *Hayward*, the plaintiff in error, was absent from the state, and resident at Charlestown, in the commonwealth of Massachusetts, and so continued until after the rendition of the judgment against him ; and that there was no personal service of the writ.

The defendant in error, in his answer, alleges, that *Hayward* had notice of the suit generally, but does not specify what that notice was, nor in what manner it was served.

The question then presented for our determination is, whether this allegation is a sufficient answer in law to the fact assigned as error ?

We are of opinion, that the notice contemplated by the 17th section of the statute is the same as that provided in the 8th section, " an attested copy of the writ," &c. served in the manner there prescribed ; that nothing short of that can be deemed notice within the true intent and meaning of the statute ; and that to avoid the error assigned, it must appear by the answer, that notice was given by serving the party with an attested copy, &c. according to the provisions

of the 8th section, a general allegation, that the defendant in the original suit had notice, not being enough.

Hayward<br>*vs.*<br>Hartshorn.

The answer of the defendant in error in this case must therefore be adjudged insufficient ; and the former judgment must be reversed.