MILLS OLCOTT *vs.* SAMUEL HUTCHINS and JOHN B. PICKETT.
*In Error.*

When a defendant is out of the state at the time of the service of the writ, the judgement of the court, before which the suit is brought, is conclusive as to the sufficiency of the evidence of notice to him of the pendency of the action, and cannot be re-examined on a writ of error.

When notice is proved, in such case, to the satisfaction of the court, and the defendant does not appear, he cannot afterwards, by writ of error, take advantage of any defect or irregularity of service.

This was a *writ of error* brought to reverse a judgement rendered by the county court in favor of *Hutchins* and *Pickett*, against *Mills Olcott*. It appeared on inspecting the record that *Olcott* resided in Hanover, in the state of New-Hampshire, and that the writ against him had been served by attaching his real estate in the counties of Orange and Caledonia. Copies were regularly left with the town clerk in each of the towns where the property was situated ; but no copy was left with any agent or attorney of said *Olcott*, nor did it appear there was any agent or attorney residing in this state : nor was more than one copy left with either of the said town clerks. The suit was entered at the June term of the Orange county court, 1830 ; and there having been no notice given to *Olcott*, of the pendency of the suit, the cause was continued to the next term, when the plaintiffs' counsel produced and read to the court a letter from *Olcott*, which, in the opinion of the court, proved notice to him of the pendency of the action. The defendant, *Olcott*, was then regularly called, and defaulted, and the damages were assessed at $350. The errors assigned were, the following : " That it appears by the record, that *Olcott* is not an inhabitant of this state, and did not, at the time of the service of said writ, nor at the time of the rendition of said judgement, reside therein ; but that he at those times resided in the state of New-Hampshire, and was absent from this state, and had not returned within the same, before the time of trial ; that it appears by the record that the action in which the judgement was rendered was commenced at the term of the county court, holden at Chelsea, on the third Tuesday of June, in the year 1830 ; and it not then appearing that *Olcott* was duly notified of the commencement and pendency of the action, the same was by the order of court continued to the then next term of the court, that *Olcott* might be notified ; and it does not appear by said record that the plaintiffs in said action caused personal notice of said suit and continuance to have been given to *Olcott*, according to the statute. And it appears by the record that the plaintiffs in said action, without hav-

3

ORANGE,
March,
1831.

Olcott
*vs.*
Hutchins et al.

ing given *Olcott* such notice, caused him to be defaulted, and entered up judgement against him on such default for their damages and costs, for the sums in said record mentioned."

It was also urged that the 26th section of the judiciary act requires, that if the person whose estate is attached do not reside within this state, then such copy ahall be delivered to his or her tenant, agent, or attorney, if any be known ; but if none such be known, the copy, &c., shall be left with the town clerk, &c. The officer's return should state that there was no known agent, tenant, &c., before service, by leaving a copy with the town clerk, will be good. Again, when there is no agent, &c., known, a copy must be left with the town clerk, that is, *for the defendant.*

WILLIAMS, J.—This is a writ of error brought to reverse a judgement rendered at the December term of the county court in this county, in favor of *Hutchins & Pickett* against *Olcott.* On inspecting the record, it appears that *Hutchins* & *Pickett* commenced their action against *Olcott,* at the June term of the county court, by attaching his real estate ; that at that time, he being out of the state, and it not having been made to appear that he had any notice of the service, the action was continued to the December term ; that at the December term, notice to him was proved and shown to the court by a letter produced and read in court by the attorney for the plaintiffs in that suit ; and thereupon a default was taken, and judgement rendered against *Olcott* for damages and costs. The errors complained of are, that it does not appear that personal notice of the suit was given to him, and that judgement was rendered without such notice.

We are to determine in this case, whether this proceeding was conformable to the statute, or whether there is such an apparent error in the judgement rendered below, that it must be reversed. The fifty-fifth section of the judiciary act provides, that if the party against whom any suit shall be brought, were absent from the state, at the time of commencing such suit, and shall not return within the same before the time of trial, the court shall continue the action to the next term, unless it is made to appear to the court that the defendant had notice of such suit. It then makes it the duty of the plaintiff to cause personal notice of such suit and continuance to be given to the defendant twenty days previous to the next term of the court. And unless it shall appear to the court that the defendant had personal notice of the suit, they are to continue it a further time, and give notice by publication.

A similar provision is made as to suits commenced before a justice of the peace ; but no particular mode or manner is pointed out in which this notice shall be given, nor can we derive any aid in declaring what this notice shall be by reference to any other statute, making provisions in other cases which bear analogy to this. This notice is not that which brings the cause into court. The court have jurisdiction of the cause whenever the writ has been served in any of the ways pointed out by law, and duly returned and entered in court ; but it is a proceeding which must be had, as a preliminary step, which the plaintiff is obliged to take, before he can obtain a judgement, and one which the court must see has been taken before they will render judgement. The notice required must be personal notice to the defendant. It is not required that it should be done by a copy ; and, indeed, this would be impracticable in many cases. We cannot command any officer of another state, to serve a process issuing from the courts of this state. Nor can we recognize any officer except our own ; and we cannot send our own beyond the limits of the state. If they should attempt to serve any writ, or deliver any copy of a writ, or even of a notice from the courts in this state, they incur the hazard in some states of being declared guilty of a high misdemeanor, and being sentenced to the penitentiary. The notice must be in such way that the court shall be satisfied that the party has had previous notice of the suit the requisite time before the sitting of the court. A letter, proved to be in the hand writing of the defendant, may contain full and sufficient evidence that he has had regular notice of the pending of the suit. It must be made to appear to the court that the defendant has had such notice. Of course, they are the judges of the sufficiency of the evidence, for that purpose ; and their judgement must be conclusive as to that. If they are imposed on by false testimony, or if they have admitted proof, which upon a further view should not appear to have been in conformity to the statute, they may and will inquire into it, and set aside the judgement which they may render. But it is not a subject for a writ of error, unless the notice should be a matter of record. The statute does not make it necessary to place this evidence on record or keep it on file. It would be well if this was done in all similar cases ; but if required, it can only be by a rule of court ; and of the propriety of making such a rule they must judge.

In this case, the evidence was satisfactory to the county court, that *Mr. Olcott* had received the required notice ; and it must

be presumed that they were satisfied it was in conformity to the statute. In favor of the proceedings of all courts of general jurisdiction presumptions are to be made that they are regular. The case of *Hayward* vs. *Hartshorn*, 3 *N. H. Rep.* 198, was decided so much on the words of the statute of New-Hampshire that it cannot have any effect on a proceeding under our statute. It was decided in that cause, that the notice to be given of the pendency of a suit, when the defendant was out of the state, should be the same as was to be given when the goods and chattels, &c. of an absent debtor were attached. When such attachment is made, it is provided by their statute that a copy may be left by some officer in the state where the defendant lives, or by some other person, and affidavits thereof made. There is no such provision in our law, and, as has already been remarked, it would be unsafe for any person to execute such a law in some of the states of the union. In this state, when the goods of a person not an inhabitant, are attached, the copy can only be left with his known agent or attorney, or at the place of attaching; and when the real estate of such person is attached, a copy must be left with his tenant, agent or attorney, if any be known; and if not, then a copy left with the town or county clerk is deemed sufficient notice; but in no event is the officer required to deliver or send a copy out of the state. The county court, as we have said, being the proper judges of the evidence to establish the fact of notice; and as it is no where required that the evidence should be placed on the record, it is to be presumed that it was proved to them that the defendant in the court below was notified agreeably to the requirements of the statute; and we cannot discover any error in their proceedings upon this point.

The other question which was mentioned, as to the regularity of the service, should have been taken advantage of by a plea in abatement in the county court, which the defendant could have done if he was duly notified. As the court adjudged, there is no error in the proceedings of the county court, and

The judgement must be affirmed.

*Marsh* for plaintiff in error.
*Burbank* for defendants.