## CALEB FOSTER, et a. *versus* CHARLES B. HAD-DUCK.

In process of foreign attachment, judgment was rendered against the trustee by default. Upon a writ of error brought, it appeared by the officer's return that he served the original writ upon the trustee, by giving him an attested copy of the writ. But it not appearing by the return that he gave to the trustee a copy of the return also, the judgment was held to be erroneous.

THIS was a writ of error brought to reverse a judgment of the court of common pleas in this county.

It appeared by the record of the judgment and proceedings in the court below, that Hadduck brought an action, against J. P. and Caleb Foster, and another, his trustees. The officer who served the original writ made a return of his doings as follows :—

" State of New Hampshire, Grafton, ss. On the 18th May, 1832, I served this writ on the within named J. P., by reading the same to him, in his presence and hearing, and on the same day served the same on the within named trustees, by giving to each of them an attested copy of this writ."

The action was entered in the common pleas, at September term, 1832, and judgment rendered upon default, against both the principal and the trustees.

The trustees having brought this writ of error, they relied on this defect in the proceedings to reverse the judgment, that in the return of the officer, upon the original writ, he had not stated that he left with the trustees copies of the writ, *with copies of his return endorsed thereon,* as the statute required.

*W. Smith,* for the plaintiff in error.

*Perley,* for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The writ, in a case of foreign attachment, is to be served upon the trustee in the manner writs of summons are

served in other cases.   The statute declares that writs of summons shall be served by reading the same to the defendant, or by leaving an attested copy thereof, with a copy of the return endorsed thereon, at the last and usual place of the defendant's abode.

The copy left in this case does not appear, by the officer's return, to have had the officer's return upon it, and instead of being left at the house of the trustee, was given to him in person.

It has been decided, that giving the summons to the party in person, is equivalent to leaving it at his place of abode.

But can any service sustain a judgment rendered upon a default which is not substantially what the statute requires ?

It is provided by statute, that the summons left with the defendant, when his goods or estate is attached, shall contain certain things and be endorsed by the officer, and it is declared that for any failure in this respect the writ shall abate.   And it has always been held, that if such defect be not pleaded in abatement, it is waived.   But this rests on the ground that the statute has declared what shall be the effect of any omission to comply with its requisitions in this respect.

When there is any substantial defect in the service of a writ, the defendant may appear and answer to the action, and this will cure any defect in the service.

Or, he may appear and plead in abatement a defective service, and thus stop the suit.   7 Mass. Rep. 29 ; 12 ditto, 36.

Or, he may refuse to appear, and if the plaintiff proceed, may bring a writ of error and reverse the judgment. 8 Pickering, 163 ; 3 N. H. Rep. 198.

In this case, judgment was rendered upon a default, and the service does not appear to have been what the statute required.   Is the judgment erroneous ?

It has been decided in this court, that it is not enough

that the defendant has had notice of the suit. If he has
not had notice in the manner the statute prescribes, it is
error. 3 N. H. Rep. 198.

And we are of opinion that there is error in this judgment.